IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HELENA CHEMICAL COMPANY**                                                **PLAINTIFF**

**V.**                                                 **NO. 4:15-CV-00096-DMB-JMV**

**ANDREW B. AYLWARD**
**D/B/A BRIG AYLWARD FARMS**                                         **DEFENDANT**

## ORDER

On July 28, 2015, Plaintiff Helena Chemical Company filed a complaint against Defendant Andrew Aylward d/b/a Brig Aylward Farms. Doc. #1. In its complaint, Plaintiff alleges that "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiff and all the Defendants are residents of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs." *Id.* at ¶ 3. To this end, Plaintiff alleges that it "is a Delaware corporation authorized to do … business in the State of Mississippi" and that Defendant is "an adult resident citizen of … Mississippi." *Id.* at ¶ 1–2.

On August 3, 2015, Plaintiff filed a Proof of Service stating that Defendant was served with a summons and copy of the complaint on July 30, 2015. Doc. #3. On August 25, 2015, Plaintiff filed a motion for entry of default and a supporting affidavit averring that Defendant "failed to answer, plead or otherwise defend as to the complaint …." Doc. #4-1 at ¶ 3. The Clerk of Court entered default on August 26, 2015. Doc. #5. Five days later, on August 31, 2015, Plaintiff filed a motion for default judgment. Doc. #6.

"When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001). Diversity jurisdiction requires both complete diversity between the

parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Complete diversity, in turn, "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). The burden of establishing complete diversity rests with the party who seeks to invoke diversity jurisdiction. *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of N. America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Aetna Cas. & Surety. Co. v. Hillman*, 796 F.2d 770 (5th Cir. 1986)). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (quoting 2A Moore's Federal Practice 8.10, at 1662). "[T]he absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court." *Thomas v. Board of Trs. of the Ohio State Univ.,* 195 U.S. 207, 211 (1904) (citations omitted).

Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." Thus, "[a] party claiming diversity of citizenship … must allege the state of incorporation and the principal place of business of corporate parties." *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 518 (5th Cir. 2015) (citing *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985)).

Here, there is no dispute that Plaintiff is a corporation. However, Plaintiff has failed to allege either its state of incorporation or its principal place of business. Accordingly, Plaintiff has failed to distinctly and affirmatively allege its citizenship and diversity jurisdiction fails. *Id*. Thus, Plaintiff's motion for default judgment must be denied. *See Wilmington Savings Fund Soc., FSB v. Left Field Props., L.L.C.*, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20,

2011) (denying motion for default judgment "[b]ecause the Amended Complaint fails to allege the home state of [plaintiff business entity]").[1]

Accordingly, Plaintiff's motion for default judgment [6] is **DENIED**. Plaintiff is **ORDERED** to show cause as to why this matter should not be dismissed due to the absence of diversity under 28 U.S.C. § 1332. Plaintiff has fourteen (14) days from the entry of this order to submit: (1) competent evidence identifying its principal place of business and state of incorporation; and (2) if diversity is established, a motion for leave, pursuant to 28 U.S.C. § 1653, to amend the jurisdictional allegations of the complaint to adequately allege diversity jurisdiction. Plaintiff's failure to respond in accordance with this order may result in the dismissal of this action without further notice.

SO ORDERED, this 11th day of December, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] As a general rule, the filing of an amended complaint supersedes an original complaint and thus renders an entry of default moot. *Hooker v. Goldstein & Assocs., LLC*, No. 12-12232, 2013 WL 6163638, at *6 (E.D. Mich. Nov. 20, 2013) (collecting cases). However, citing a Second Circuit rule that "[t]he original complaint is normally superseded when the plaintiff serves the amended complaint, as opposed to when plaintiff files it," at least one court has held that a technical amendment of jurisdictional allegations, which does not require service under Rule 5 of the Federal Rules of Civil Procedure, does not impact a previous default. *See W. Sur. Co. v. Leo Constr., LLC*, No. 3:12-cv-1190, 2013 WL 144097, at * 9–10 (D. Conn. Jan. 11, 2013). This Court is skeptical that such a rule applies in the Fifth Circuit, where courts have consistently held that an amended complaint supersedes an original complaint upon *filing*. *See Schaefer v. Whitted*, __ F.Supp.3d __, 2015 WL 4658905, at *2 n.1 (W.D. Tex. Aug. 5, 2015) ("The Court acknowledges *filing* an amended complaint supersedes and nullifies [a] previously filed complaint unless it specifically incorporates the earlier pleading.") (emphasis added); *Lee v. Wells Fargo Bank, N.A.*, No. H-11-1334, 2012 WL 6132510, at *2 (S.D. Tex. Dec. 10, 2012) ("The filing of an amended complaint supersedes the prior complaint."); *Prater v. Wilkinson Cty.*, No. 5:13-cv-23, 2014 WL 5465372, at *3 (S.D. Miss. Oct. 28, 2014) ("Filing an amended complaint supersedes the original complaint ….") (internal quotation marks and punctuation omitted); *see also Ogunsalu v. Nair*, 264 Fed. App'x 672, 674 (9th Cir. 2008) ("The district court did not abuse its discretion by granting defendant Nair's motion to set aside the judgment because Ogunsalu filed superceding pleadings, rendering his motion for entry of default judgment as to the original complaint untimely."). Nevertheless, out of an abundance of caution, the Court declines to set aside the Clerk's entry of default at this time. If Plaintiff demonstrates diversity jurisdiction and thereafter files a second motion for default judgment based on the initial default, such motion should address the impact of the jurisdictional amendment on such default.